# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Purolite Corporation, ) | |
| ) | Civil Action No. 3:17-cv-00692-JMC |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| AVANtech, Inc., ) | |
| ) | |
| Respondent, ) | |
| ) | |

Petitioner, Purolite Corporation ("Purolite"), commenced this action by applying and petitioning this court for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding against Respondent Avantech, Inc. ("Avantech"). (ECF No. 1.) Specifically, Purolite seeks to discover information concerning claims in a Japanese lawsuit against Hitachi-GE Nuclear Energy, Ltd. ("HGNE") in which Purolite asserts that HGNE improperly solicited work from Avantech and misappropriated Purolite's confidential, proprietary, and trade secret information in breach of certain agreements and in violation of Japanese law. *Purolite AG v. Hitachi-GE Nuclear Energy, Ltd.*, Case No. Heisei 26th Year (Wa) No. 29490, Tokyo District Court, Civil Division, Section 46-D.

This matter is before the court on Purolite's Motion to Compel Supplemental Discovery Pursuant to Court Order. (ECF No. 7.) Specifically, Purolite requests that Avantech (1) bring its production current by searching for and producing responsive documents, if any, obtained or created from the date of its last production through the present time; (2) cure the several, material deficiencies identified by Purolite in its prior letters; and (3) commence electronic discovery by using Purolite's list of search terms to conduct an electronic search of its computer system and servers in order to generate a hit report from which the parties could negotiate the scope of

follow up discovery as a prerequisite to meet and confer. (ECF No. 7.) For the reasons that follow, the Court **DENIES** Purolite's Motion to Compel.

## I. RELEVANT BACKGROUND

Purolite is a U.S. corporation headquartered in Pennsylvania and is currently engaged in litigation against the Japanese company HGNE pending before a foreign tribunal in Tokyo, Japan. (ECF Nos. 1-1, 1-2.) Purolite claims that HGNE is "illegally and improperly utilizing Purolite's confidential, proprietary and trade secret processes and information in connection with HGNE's on-going, extensive decontamination and remediation work" at the site of the damaged Fukushima[1] Daiichi Nuclear Power Station. (ECF No. 1-3.) As a part of this litigation, Purolite sought discovery from Avantech, a South Carolina corporation and HGNE's principal supplier, under 28 U.S.C. § 1782 asserting that Avantech has information relevant to the Japanese litigation. (*Id.*) This court granted Purolite's § 1782 Petition on April 4, 2016, allowing Purolite to proceed with discovery requests against Avantech. (ECF No. 5.)

On April 5, 2016, Purolite served both a Rule 45 Subpoena for the Production of Documents and a Rule 30(b)(6) Deposition Subpoena on Avantech. (ECF Nos. 7-2, 7-3.) Shortly thereafter Avantech produced 20,000 documents to Purolite. On June 10, 2016, Purolite sent Avantech a letter detailing seven categories in which it asked for further production. (ECF No. 11-5.) Moreover, Purolite requested in its June 10, 2016 Letter that Avantech run six specific search terms which led to the production of an additional 2,000 documents. (ECF No. 11-4.) On July 21, 2016, Avantech decided to retain counsel and shortly thereafter, counsel objected to Purolite's subpoenas on July 29, 2016 (*Id.*) On August 31, 2016, Purolite filed suit against

---

[1] The Fukushima Nuclear power plant was damaged during the 2011 Japanese Tōhoku Earthquake and Tsunami which led to the plant's nuclear meltdown and the largescale release of radioactive material.

2

Avantech, Hitachi America, Ltd. and two of Avantech's corporate officers in the United States District Court for the Southern District of New York alleging the same claims that gave rise to the Japanese litigation. (ECF No. 11.) On January 6, 2017, the Southern District of New York granted a stay in the suit pending a resolution in the Japanese litigation. On January 31, 2017, Purolite sent Avantech a letter reiterating most of the June 10, 2016 Letter and asking Avantech to run fourteen more search terms. (ECF No. 7-5.) On February 16, 2017, Avantech responded to Purolite's January 31, 2017 Letter and asserted that it had complied with the subpoena and would not voluntarily produce additional documents but offered to continue to confer as to any specific issues. (ECF No. 11-4.) The next day, February 17, 2017, Purolite filed the instant Motion to Compel. (*Id.*)

## II. LEGAL STANDARD

A.     Discovery Generally

The amended Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992). Nevertheless, discovery is not limitless, and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.     Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion" (internal citation omitted.); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."). In applying Rule 26's broad discovery, a party objecting to discovery must first show that the information sought is not relevant before showing that it is not proportional to the needs of the case. *Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *9 (M.D. Fla. May 23, 2017) ("proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case.") Additionally, the party resisting a discovery request bears the burden of persuading the court that the requested information is outside the scope of discovery. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*, 2011 U.S. Dist. LEXIS 65422, at *20-21(M.D.N.C 2011) (collecting cases in the Fourth Circuit).

### III. ANALYSIS

A. <u>The Parties' Arguments</u>
   *1. Purolite's Position*

In its Motion to Compel (ECF No. 7) and Memorandum in Further Support of Motion to Compel Discovery (ECF No. 16), Purolite argues (1) that Avantech failed to comply with the court ordered discovery, (2) Avantech's objections to discovery are wrong, untimely, and moot,

4

(3) Avantech has a continuing obligation to supplement discovery, (4) its request for relevant discovery is not burdensome, and (5) its deposition subpoena is valid. (ECF Nos. 7 & 16.)

    2. *Avantech's Position*

In its Opposition to Petitioner's Motion to Compel (ECF No. 11), Avantech asserts that (1) it has complied with the document subpoena, (2) it does not have to bring document requests current under Rule 26(e), (3) Purolite's document demands would impose an undue burden on Avantech, and (4) that the deposition subpoena is invalid because Purolite failed to give a time and location for the deposition and failed to tender fees at the time of service for attendance and mileage. (*Id.*) Moreover, Avantech contends that Purolite has not met its burden to show why this court should order it to provide supplemental discovery, re-run searches for documents, or run new searches for documents and that Purolite had failed to show the relevance of its requests as to the Japanese litigation. (*Id.*)

B.    <u>The Court's Review</u>

    *1. The Timeliness of Purolite's Motion to Compel*

It is first necessary to analyze the timeliness of Purolite's Motion to Compel before deciding if it merits consideration. Under Local Civil Rule 37.01 for the District of South Carolina, "motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one days (21) after the response was due." *Id*. Here, Purolite's Motion to Compel is directed towards enforcing Avantech's compliance with Purolite's subpoenas. Purolite received a letter from Avantech on July 29, 2016 (ECF No. 7-4) indicating its objections to the subpoenas. Purolite waited nearly seven months until February 17, 2017, to file the instant Motion to Compel. (ECF No. 7.) Purolite's Motion to Compel answers to the

5

original subpoenas is therefore untimely and does not merit further consideration.

*2. Interpreting Purolite's January 31, 2017 Letter as a Subpoena*

Purolite's Motion to Compel could be considered timely if the January 31, 2017 Letter could be construed as a second subpoena for documents. Under Fed. R. Civ. P. 45(a)(1)(A), every subpoena must:

> (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(d) and (e).

*Id.* In looking to the Letter, it is clear that requirements (i) and (ii) are met since Purolite has stated both the court from which it is issued and the proper title of the action and civil action number. It is not clear if requirement (iii) stating that a subpoena must command a person to do certain specified things is met since Purolite only "respectfully request[s]" and "respectfully ask[s]" Avantech to produce documents. (ECF No 11-5.) It appears that requirement (iii) is not met because "[a] subpoena is not a polite suggestion or an invitation to negotiate. It is a command . . . ." *Builders Ass'n of Greater Chi. v. City of Chi*, 2001 U.S. Dist. Lexis 14076, at *26 (N.D. Ill. Aug. 29, 2001). As to the last requirement, it is evident that requirement (iv) has not been met since nowhere in the Letter does Purolite lay out the text of Rule 45(d) and (e). *See Anderson v. Virgin Islands*, 180 F.R.D. 284, 289-290 (D.V.I. 1992) (finding a subpoena ineffective, for among other things, failing to state the text of the rules); *Productos Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226, 228 (D.P.R. 1992) (same). Since the January 31, 2017 Letter fails to conform to the requirements of Rule 45(a)(1)(A), it cannot be construed as a second subpoena for documents.

## IV. CONCLUSION

Since Purolite's Motion to Compel is untimely and its January 31, 2017 Letter cannot be construed as a second subpoena for documents, the court hereby **DENIES** Purolite's Motion to Compel.[2] (ECF No. 7.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 29, 2017
Columbia, South Carolina

---

[2] In light of the court's decision, Avantech's pending Motion for Protective Order, or in the Alternative, Motion to Quash or Modify Subpoenas is **DENIED AS MOOT**. (ECF No. 12.)